Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 912 | **DATE** | April 25, 2001 |
| **CASE TITLE** | **PAMELA SERCYE-McCOLLUM v RAVENSWOOD HOSPITAL** | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Memorandum opinion and order entered. Accordingly, plaintiffs' motion to remand the instant case to to the Circuit Court of Cook County, Ill. is granted, terminating this federal action.
Status hearing date of 5/29/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | APR 2 6 2001 date docketed | 13 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| GDS courtroom deputy's initials | | 01 APR 25 PM 3:53 date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAMELA SERCYE-MCCOLLUM, and )
CLIFFORD HICKS, JR. as co-administrators )
of the Estate of CHRISTOPHER MICHAEL )
SERCYE a/k/a/ CHRISTOPHER CERCYE )
HICKS, )
        Plaintiff, )
)    No.    01 C 0912
v. )
)    Judge Robert W. Gettleman
RAVENSWOOD HOSPITAL MEDICAL )
CENTER; ADVOCATE HEALTH CARE )
NETWORK; ADVOCATE RAVENSWOOD )
HEALTH PARTNERS; JOAN CARLYON, R.N., )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Pamela Sercye-McCollum and Clifford Hicks, Jr., co-administrators of the estate of Christopher Michael Sercye ("plaintiffs' decedent"), filed a four-count third amended complaint against defendants Ravenswood Hospital Medical Center ("Ravenswood Hospital"), Advocate Healthcare Network, Advocate Ravenswood Health Partners and Joan Carlyon, R.N., in Illinois state court on January 16, 2001. On February 9, 2001, defendants removed the suit to this court, claiming that plaintiffs' additions to their third amended complaint cause the suit to "aris[e] under the Constitution, laws or treaties of the United States," pursuant to 28 U.S.C. §§1331 and 1441(b). Soon thereafter, plaintiffs filed the instant motion seeking remand. For the reasons set forth below, plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs' claims arise under Illinois wrongful death and survival statutes (740 ILCS 180/1 and 755 ILCS 5/27-6, respectively) and allege medical negligence under Illinois state law.

According to plaintiffs, on May 16, 1998, plaintiffs' decedent was shot in the vicinity of Ravenswood Hospital and he thereafter made his way to the hospital's property but was physically unable to walk into the emergency room. As a result, defendants were informed that plaintiffs' decedent was on hospital property and in need of emergency care, but defendants refused to render assistance, resulting in the death of plaintiff's decedent.

## DISCUSSION

At issue presently is whether plaintiffs' claims belong in federal or state court. Defendants argue that removal to this court was appropriate because plaintiffs allege that defendants violated the Emergency Medical Treatment and Active Labor Act ("the EMTALA"), 42 U.S.C. §1395dd (as implemented by 42 C.F.R. §489.24), which confers federal question jurisdiction under 28 U.S.C. §1331.

In response, plaintiffs point out that they have not alleged a claim under the EMTALA at all. Instead, plaintiff's are using defendants' alleged violation of the EMTALA to support their state law medical negligence claims, a tactic allowed under Illinois law. See French v. Springfield, 65 Ill. 2d 74, 79 (1976); Dini v. Naiditch, 20 Ill. 2d 406, 417-418 (1960) ("We have recognized the rule that the violation of a statute or ordinance designed for the protection of human life or property is prima facie evidence of negligence, and that the party injured thereby has a cause of action, provided he comes within the purview of the particular ordinance or statute, and the injury has a direct and proximate connection with the violation.")

Defendants argue that while plaintiffs may not have explicitly alleged an EMTALA claim, plaintiffs' state law claims are really "federal claims in state law wrapping paper." See Graf v. Elgin, J. & E. R. Co., 790 F.2d 1341, 1345-46 (7th Cir. 1986). Defendants also cite

2

Franchise Tax Bd. v. Construction Laborers Vacation Trust, 103 S. Ct. 2841, 2848 (1983), for the proposition that, "[e]ven though state law creates [plaintiffs'] causes of action, [plaintiffs'] case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." The court is not convinced.

Plaintiffs are suing defendants for medical negligence, a cause of action created by Illinois state law. To prove their claims, plaintiffs will have to establish the standard of care in the applicable medical community and demonstrate that defendants' deviation from that standard of care proximately caused the death of plaintiffs' decedent. See Purtill v. Hess, 111 Ill. 2d 229, 241-42 (1986). While it is true that plaintiffs' allegations that defendants violated the EMTALA support plaintiffs' state law claims, that is only one of plaintiffs' possible liability theories; plaintiffs may be able to establish that defendants deviated from the applicable standard of care by relying, for example, on expert testimony unrelated to the federal statutory requirements. Further, the EMTALA is not the only regulation upon which plaintiffs rely; plaintiffs also allege that defendants violated six different provisions of Illinois' Administrative Code. Thus, plaintiffs need not prove that defendants violated the EMTALA in order to prevail in the instant case. Accordingly, plaintiffs' claims not federal claims in state law wrapping paper, nor do they require resolution of a substantial question of federal law.

Defendants have the burden of establishing that federal jurisdiction is proper in the instant case, Wellness Community-National v. Wellness House, 70 F.3d 46, 49 (7th Cir. 1995), and they have failed to meet that burden. As was the case in Nelson v. United Artist Theater Circuit, Inc., 835 F. Supp. 844 (E.D. Pa. 1993), federal law does not create plaintiffs' cause of

3

action, and plaintiffs' right to relief is not dependent on resolution of whether defendants violated the EMTALA. Although plaintiffs could have alleged a claim under the EMTALA, they chose not to do so in the instant case. See §1395dd(d)(3)(A). As masters of their own complaint, that is plaintiffs' right. Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987).

## CONCLUSION

Accordingly, plaintiffs' motion to remand the instant case to Illinois state court is granted, terminating this federal action. The status conference set for May 29, 2001 is canceled.

**ENTER:** **April 25, 2001**

Robert W. Gettleman
United States District Judge